FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| COLUMBIA RIVERKEEPER, | ) | No. 2:18-cv-00380-MKD |
| Plaintiff, | ) | |
| | ) | CONSENT DECREE |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY PUBLIC | ) | ECF No. 30 |
| UTILITY DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CONSENT DECREE - 1

## I.      STIPULATIONS.

Douglas County Public Utility District owns and operates the Wells Hydroelectric Dam ("Dam") located on the Columbia River in Douglas County, Washington approximately ten miles northeast of the city of Chelan, Washington.

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated September 19, 2018 and filed a complaint on December 11, 2018 under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Defendants Douglas County Public Utility District and its Commissioners (collectively, "PUD") are violating section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants from the Dam without a National Pollutant Discharge Elimination System ("NPDES") permit. Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

The PUD filed an answer to the complaint on January 7, 2019, denying liability for violations of the CWA.

On May 15, 2019, the PUD submitted an application to the Washington State Department of Ecology ("Ecology") for an NPDES permit for the Dam.

Riverkeeper and the PUD (collectively, the "Parties") entered a Stipulation and Proposed Order on July 25, 2019. ECF No. 19-1. The Stipulation and Proposed Order sought to stay this litigation to allow time for Ecology to take action on the

CONSENT DECREE - 2

1    PUD's application for an NPDES permit. *Id.* at 6. The Stipulation and Proposed

2    Order also imposed various requirements on the PUD intended to facilitate the

3    NPDES permitting process and to reduce water quality impacts associated with the

4    alleged discharges of pollutants from the Dam. *Id.* at 3–6. The Court approved the

5    Stipulation and Proposed Order on July 30, 2019, entering the Order on Joint

6    Motion for Entry of Stipulation. ECF No. 20.

7        Ecology issued its final NPDES permit for the Dam on March 7, 2022, with

8    an effective date of May 1, 2022.

9        Solely for the purposes of this Consent Decree, the Parties stipulate that the

10    Court has jurisdiction over the Parties and the subject matter of this action under

11    section 505(a) of the CWA, 33 U.S.C. § 1365(a).

12        The Parties agree that settlement of this matter is in the best interest of the

13    Parties and the public and that entry of this Consent Decree without additional

14    litigation is the most appropriate means of resolving this action.

15        The Parties stipulate to the entry of this Consent Decree without trial,

16    adjudication, or admission of any issues of fact or law regarding the claims and

17    allegations set forth in Riverkeeper's notice of intent to sue and complaint.

18        The signatories for the Parties certify that they are authorized by the party

19    they represent to enter into these Stipulations and Consent Decree.

20    COLUMBIA RIVERKEEPER          DOUGLAS COUNTY PUBLIC
                                     UTILITY DISTRICT

CONSENT DECREE - 3

By: s/ Lauren Goldberg_____     By: s/ Gary Ivory_____
Lauren Goldberg, Executive Director     Gary Ivory, General Manager


KAMPMEIER & KNUTSEN, PLLC     JEFFERS, DANIELSON, SONN &
                                                              ALWARD, P.S.


By: s/ Brian A. Knutsen_____     By: s/ Evan M. McCauley_____
Brian A. Knutsen, WSBA No. 38806     Evan M. McCauley, WSBA No. 44285

## II.    ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. ECF No. 30. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    The Joint Motion to Approve Consent Judgment, **ECF No. 30**, is **GRANTED**.

2.    This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

3.    This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

CONSENT DECREE - 4

4.     This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter and complaint, and all other claims known or unknown existing as of the date of entry of this Consent Decree related to discharges of pollutants made without an NPDES permit from the Dam that could be asserted under the CWA against the PUD. These claims are released and dismissed with prejudice.

5.     This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

6.     In lieu of a penalty, the PUD shall make a payment in the amount of $195,000.00 to the Fish and Wildlife Department for the Confederated Tribes of the Colville Reservation for one or more projects benefiting water quality, water quantity or anadromous fish in the Columbia River Basin as described in Attachment A. Such payment shall be made within fourteen (14) days of the Court's entry of this Consent Decree by check payable and mailed to Fish and Wildlife Department for the Confederated Tribes of the Colville Reservation, P.O. Box 150, Nespelem, Washington 99155, and shall bear the notation "Columbia Riverkeeper v. Douglas County Public Utility District, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time.

CONSENT DECREE - 5

7. Within fourteen (14) days of the Court's entry of this Consent Decree, the PUD shall pay Riverkeeper's attorney fees and costs in the amount of $72,365.00 in full and complete satisfaction of any claims Riverkeeper may have under the Clean Water Act for attorney fees and litigation costs and expenses. Such payment shall be made by check payable to "Kampmeier & Knutsen, PLLC" and mailed to Kampmeier & Knutsen, PLLC, 1300 S.E. Stark Street, Suite 202, Portland, Oregon 97214, unless the Parties agree otherwise in writing to electronic payment. Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed $72,365.00.

8. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written

notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d).

9.      This agreement shall take effect upon entry of the Consent Decree by the Court.

10.     The provisions of this Consent Decree shall terminate upon compliance with the requirements in paragraphs II.5 and II.6 of this Consent Decree.

11.     All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

CONSENT DECREE - 7

For Riverkeeper:

Columbia Riverkeeper
c/o Simone Anter
P.O. Box 950
Hood River, Oregon 97031
simone@columbiariverkeeper.org

Kampmeier & Knutsen, PLLC
c/o Brian A. Knutsen
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
brian@kampmeierknutsen.com

For the PUD:

Douglas County Public Utility District
c/o Gary Ivory, General Manager
1151 Valley Mall Parkway
East Wenatchee, Washington 98802
garyi@dcpud.org

Jeffers, Danielson, Sonn & Aylward, PS
c/o Robert R. Siderius
2600 Chester Kimm Road
Wenatchee, Washington 98807
bobs@jdsalaw.com

12.     This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

13.     Each of the Parties acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

14.     If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

CONSENT DECREE - 8

15.    The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED October 7, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 9